153

(No. 3696— 

Roy Fowler, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 15, 1942.*

G. W. Horsley, for claimant.

George F. Barrett, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Fisher, J.

Complaint was filed on March 13, 1942, alleging that claimant was an employee of the State of Illinois; that while so employed, on June 11, 1941, he was injured; that the injury took place at Wood River, Madison County, Illinois, while claimant was inspecting certain rock and asphalt which was in a presser heater motor driven mixer, and by putting his hand in said mixer it became caught and was crushed; that claimant was a Highway Maintenance Patrolman and that his salary was One Hundred Twenty-five Dollars ($125.00) per month. That as a result of the injury the forefinger of his right hand was mangled and crushed, necessitating the amputation of same, leaving scars and disfiguring marks on his hand and injuring and permanently disabling the muscles in said right hand.

Claimant claims compensation of ten weeks at $16.50 per week for temporary total disability; forty weeks at $16.50 for loss of index finger, and $1,000.00 for permanent disfigurement to his right hand.

Claimant, at the time of said injury, was forty-five years of age, and had no children under the age of sixteen years; that no third person or corporation has any interest in this claim.

As respondent had notice of the accident on the date it occurred and the claim was filed within one year after the date of the accident, the jurisdictional requirements as set forth in Section 24 of the Workmen's Compensation Act have

been complied with by the claimant and claimant is entitled to the benefits of the Workmen's Compensation Act.

It would appear that even though claimant may have been negligent in inserting his hand into the mixer drum while the mixer was in operation, yet, since negligence is not a defense to a Workmen's Compensation claim, this would not prevent the claimant from receiving an award if the other necessary elements are present. It would also appear from the place, manner and conditions under which the accident occurred, that it arose during the course of and out of the employment.

It also appears from the complaint and from the Report of the Division of Highways that all medical and surgical services have been furnished, so that question does not arise in this claim.

In order to receive the maximum compensation rate of $15.00 per week, it is necessary that an employee's wages or salary total $1,560.00 per year. The report of the Division of Highways, which constitutes the record, shows that the claimant during slightly less than two months immediately prior to the date of the injury was employed by the Division of Highways at the rate of $125.00 per month, or a total of $250.00, and that the claimant's predecessor in the same position for a period of slightly more than ten months was paid at the rate of $135.00 or $1,350.00 for said period.

This makes a total of $1,620.00 annual earnings for the year prior to the injury, or more than the $1,560.00 necessary for the maximum compensation rate of $15.00 per week, which under the Workmen's Compensation Act, Section 8(1), is increased to $16.50 per week since the injury took place subsequent to June 16, 1939.

Claimant's temporary total disability continued June 12 through June 30, or a period of 19 days, during which time he was paid the sum of $79.17. Under Section 8(b) he was entitled to receive compensation for temporary total disability at the rate of $16.50 per week for a period of 19 days less 7, that is, 12 days or 1 5/7 weeks. 1 5/7 weeks at $16.50 per week amounts to $28.30. Claimant, therefore, received for temporary total disability an overpayment of $50.87.

The compensation for specific loss would be on the basis of $16.50 per week for forty weeks or $660.00, from which is

subtracted the sum of $50.87 overpayment on temporary total disability, leaving a balance of $609.13.

Award is therefore entered in favor of claimant for the sum of $609.13, all of which has accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such an Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.